DOUCET, Judge.
Joseph Dwayne Pontiff, Kathryn Huval Pontiff, Thomas Keith Huval, Velma Dore Huval, Dale Francis Huval, Jessica Hebert Huval, Russell Francis Champagne, and Julie Zaunbrecher Champagne (hereinafter referred to as petitioners), by cash sale, purchased from The Locker Room, Inc. (hereinafter referred to as appellee) all of its assets. The sale was conducted in conformity with the Bulk Sales Act, La.R.S. 9:2961 et seq. By order of the court dated November 7, 1986, at the request of petitioners, the $9,000.00 remaining after the distribution of the proceeds of the sale, as per written agreement of all creditors in the sworn statement of creditors of appel-lee was deposited into the registry of the court. The request to deposit the proceeds into the registry of the court was made in order that Farmers-Merchants Bank and Trust Company (appellant) might proceed with the claim it had against the remaining $9,000.00. The order additionally decreed that appellant be cited to answer and make whatever claim it may have to the funds deposited. The petition and order were subsequently served upon appellant through its agent for service of process. No answer to the petition has been filed to date on behalf of appellant.
No further action of any kind took place in the proceeding until August 7, 1987, at which time a motion for summary judgment was filed by appellee.
Appellant responded to the motion for summary judgment by filing exceptions of failure to join an indispensable party, lack of procedural capacity and no right of action. The thrust of the position urged by appellant in these exceptions was that ap-pellee had never formally entered the pro *201 ceeding procedurally and, hence, it was not a party entitled to summary judgment.
After a hearing, the court took the matter under advisement, issuing written reasons for judgment overruling appellant’s exceptions and granting summary judgment in favor of appellee as prayed for. A formal judgment was signed in accordance therewith. Appellant moved for a new trial which was denied. Appellant then filed the present appeal.
On appeal, plaintiff specifies two assignments of error, both of which involve one central issue: whether summary judgment was appropriate in light of the fact that appellee was neither a party plaintiff nor party defendant to the proceeding.
We affirm, but for reasons different from those given by the trial judge. This was not a concursus, as only one party was impleaded, and a concursus requires two or more. C.C.P. art. 4651. The trial court had no authority to become a stakeholder in this case at the sole request of the purchaser, based solely on a pleading announcing that a formal claim against the proceeds was expected to be made by a third person. Having accepted the role of stakeholder, however, the trial court was under a duty to inform all interested parties of its actions in the case. This duty was fulfilled when the sellers filed a rule to show cause directed to the third party, Farmers-Merchants Bank & Trust Co., and a date for a hearing was set and the third party notified. The third party, instead of showing cause, protested the procedure employed as though this were a concursus. The trial court was without authority to continue holding money owed to the seller in this business transaction. We say this because the pleading filed herein by the purchaser was not a civil action as defined by C.C.P. art. 421, instituting an ordinary proceeding, as the petitioner did not demand the enforcement of a legal right. Nor was it a special proceeding as provided by the Code of Civil Procedure, being neither a concursus nor an attachment or sequestration. And it certainly was not a summary proceeding. In short, the proceeding instituted by the purchaser herein was simply not authorized by anything in our Code of Civil Procedure, and the court had no justification for continuing to hold the funds. The trial court properly ordered payment of the deposit to the seller.
For the reasons assigned herein, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.